Thomas, a Minor, Appellant, *v.* Goodies Ice Cream Co.
ET AL., Appellees.

(No. 8607—Decided January 30, 1968.)

*Messrs. Volkema, Redmond & Wolske* and *Mr. Henry Maser*, for appellant.

*Messrs. Caren, Lane, Huggard, Alton & Horst,* for appellees.

Duffey, P. J.  This is an appeal from an order sustaining a motion to strike and dismissing the plaintiff-appellant's petition.

The amended petition alleges that the plaintiff, appellant herein, was a child five years of age.  Defendants, appellees herein, operated a vending business selling ice cream from a truck.  The pertinent allegations are:

"(3) * * * the defendants stopped in said road in the 3500 block and rang a bell for the purpose of coaxing little children to come around the said truck, which was in the street in order to sell them certain ice cream products and other miscellaneous items; that the plaintiff-minor and other children at the invitation of the defendants gathered

around the defendants' truck and purchased certain items from the defendants.

"(4) Plaintiff further says that the defendants knew, or in the exercise of ordinary care, should have known that when the plaintiff-minor and other children gathered around the said truck that a dangerous situation was created for the plaintiff-minor and other children and that notwithstanding their knowledge in this respect the defendants failed to warn and protect the plaintiff-minor against oncoming traffic.

"(5) Plaintiff further says that while he was in the street he was struck by a 1962 Volkswagen station wagon which was traveling near the said ice cream truck in an easterly direction on said Scottwood Road * * *."

Defendants moved to strike paragraph four. The motion was sustained, and plaintiff not wishing to plead further, the petition was dismissed.

The procedure followed presents some technical problems. In our view, even though facts and conclusions have been intermixed in the petition, the allegations are sufficient as against a motion to strike. Pleadings are not sent to the jury in Franklin County, and broad allegations create no prejudice to the opposing party unless it be lack of notice. Discovery procedures can clarify the matter. Defendants might be entitled to move that the petition be made definite and certain, but not to strike.

Regardless of the technical pleading question, the problem is whether the petition states a cause of action. Both parties wish the motion to strike to be considered a demurrer, and on this record we will so treat it. In our opinion, the petition is sufficient, and the court erred in dismissing the petition.

The defendants' position is essentially that the conduct of the driver of the other vehicle is an intervening, unforeseeable cause. Some contention is made that defendants owe no duty to a child customer with respect to the hazard of passing vehicular traffic. The principal contention appears to be that defendants are not the proximate cause of the injury.

The operation of such a vending business upon the

public streets depends upon the customer, frequently a child, coming to the vendor's vehicle at the place it is stopped in the roadway. Many of the customers cross the road or enter the paved portion of the street in coming to the vendor or in being served or in leaving. Crossing any traveled street presents hazards. For children to cross without direct supervision is fraught with danger. One of the most extensive safety programs in our communities today is the effort to protect children against such traffic hazards, not only while going to and from school, but during all hours. In our opinion, the risk to a child is obvious and substantial. The defendants owed a duty to exercise reasonable care to protect the child customer from that obvious hazard.

The petition alleges that defendant "failed to warn and protect the plaintiff-minor against oncoming traffic." While subject to a motion to make definite, we think this adequately pleads negligence. If the defendants did nothing to warn the oncoming driver of the nature of the vehicle and the probable presence of customers, and also did nothing to warn and protect the child customer, there would be grounds for a jury to find that reasonable care was not exercised.

A vending truck can be well lighted, equipped with flashers and painted with warning notices, or it can be without anything to clearly identify it and the nature of its operations. It can be stopped at the curb or in the middle of the street; near a crosswalk or in the middle of a block; on a busy street or a quiet dead-end road; or in other ways and locations which enhance or minimize the hazard. The child can even be orally warned, particularly when the circumstances present an immediate threat.

We do not suggest that any or all of these things can or must be done by the vendor. They are suggested only to illustrate the basic principle that negligence depends upon an evaluation of the circumstances, one of which is the age of the child. Compare *Rolling Mill Co.* v. *Corrigan* (1889), 46 Ohio St. 283, at 291; *Ziehm* v. *Vale* (1918), 98 Ohio St. 306.

We hold only that defendants did owe a duty to this

five-year old plaintiff of reasonable care to warn and protect him from the hazard of moving traffic, and that an allegation that defendants failed to warn and protect is sufficient as against demurrer.

Finally, we think the fact that the direct cause of injury was the other vehicle does not necessarily establish a lack of proximate causation as to the defendants.

There, of course, may be more than one proximate cause of an injury. In *Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53, at 56, the court stated:

"A rule of general acceptance is that, where the original negligence of the defendant is followed by the independent act of a third person which directly results in injurious consequences to plaintiff, defendant's earlier negligence may be found to be a proximate cause of those injurious consequences, if, according to human experience and in the natural and ordinary course of events, defendant could reasonably have foreseen that the intervening act was likely to happen. * * *"

In *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31, at 39, the court stated:

"Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone. * * *"

In that case, pools of gasoline were left upon the premises, later set afire, and a child burned. The court held the question of whether those consequences of the negligence were reasonably foreseeable was an issue for the jury. See *Tanzi* v. *New York Central Rd. Co.* (1951), 155 Ohio St. 149, 24 A. L. R. 2d 1151, holding that intervening negligence may be foreseeable. See, generally, 38 American Jurisprudence 726, Negligence, Section 70, at 727.

Appellees rely upon *Sidders* v. *Mobile Softee, Inc.* (1961), 184 N. E. 2d 115. The factual situation alleged there is quite similar. The opinion of the court is not too helpful in identifying the exact basis of the result. It would appear to be a holding that the particular allegations of the petition in that case did not, in the court's opinion, sufficiently plead a negligent act. In that regard, the petition there did indicate that the vendor had taken steps to identify the nature of his operation and warn others of it. The petition alleged that the truck was illuminated along the sides and across the back by bright fluorescent lights, and the injury occurred at night. In this case, the petition unqualifiedly alleges that there was no warning given and no protection provided.

Several cases in other jurisdictions have gone further than *Sidders* by holding either that the intervening conduct is not foreseeable or is a superseding cause. *Bloom* v. *Good Humor Ice Cream Co.* (1941), 179 Md. 384, 18 A. 2d 592; *Goff* v. *Carlino* (La. App., 1955), 181 So. 2d 426. Compare *Mead* v. *Parker* (1963), 221 F. Supp. 601, affirmed 340 F. 2d 157, denying application of the doctrine of attractive nuisance, also rejected in Ohio in *Baker-Evans Ice Cream Co.* v. *Tedesco* (1926), 114 Ohio St. 170, 44 A. L. R. 430. The superseding cause analysis has been criticized in Prosser on Torts (2 Ed.) 274 *et seq.*

In the opinion of this court, the hazard is clearly foreseeable so as to create a duty of reasonable care to protect against it. Whether the particular conduct of the driver of the other vehicle was unforeseeable, and defendants' conduct accordingly could be found not to be a proximate cause, depends upon the circumstances. Here the petition simply alleges that plaintiff was struck by another car. As noted earlier as to the pleading of no warning or protection, the allegation may be subject to a motion to make definite. However, the intervening act does not, as a matter of law, negate the existence of proximate cause. Considering the allegation on demurrer, we think it a sufficient pleading.

Cases supporting the analysis of this court are *Vought* v. *Jones* (1965), 205 Va. 719, 139 S. E. 2d 810; *Jacobs* v.

*Draper* (1966), 274 Minn. 110, 142 N. W. 2d 628; *Mackey* v. *Spradlin* (Ky. App., 1965), 397 S. W. 2d 33.

The judgment of dismissal will be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

DUFFY, J., concurs.

TROOP, J., concurring. I concur in the judgment remanding the cause for further proceedings.

The petition might be improved by the use of motions as suggested, but whatever the frailties the allegations raise the question of the negligence of the defendants, which persists even after the striking of paragraph four of the petition.

Plaintiff is not charged with a violation of law. The law seems clear that the defendants are not insurers of their patrons, and the truck is not an attractive nuisance. In the *Sidders case* (184 N. E. 2d 115), the court said that the plaintiff pleaded only generalities and conclusions of law and did not include an allegation of any negligent act or omission.

In the instant case negligent acts are not precisely alleged but sufficiently averred. As suggested by Judge Duffey, where the truck stopped respecting surrounding circumstances, as well as where the children were "around" the truck, whether sales were made on the sidewalk side or street side of the truck, and the equipment on the truck as related to its particular business, are all factors involving the question of negligence. Whether there was no warning given or protection afforded the customers of the defendants remains an issue, and whether under the existing circumstances a reasonably prudent person would have so provided remains for the jury to decide.

I agree that the intervening act of the driver of the Volkswagen does not as a matter of law negate the issue of the possible proximate cause attendant to the possible negligence of the defendants.