McCLINCHEY v. CHIHOCKI.

SKORINA v. SAME.

AUTOMOBILES — MINOR PEDESTRIANS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

> Evidence presented in actions for injuries to 14-year-old girl when she was struck by defendant's automobile while crossing street *held*, to present questions for jury where numerous facts were in dispute, hence trial court erred in ruling, as a matter of law, that defendant was free of negligence and that plaintiff was contributorily negligent.

Appeal from Wayne; Weideman (Carl M.), J. Submitted Division 1 May 17, 1968 at Detroit. (Docket Nos. 3,997, 4,019.) Decided May 31, 1968. Rehearing denied July 26, 1968. Leave to appeal denied November 22, 1968. See 381 Mich 788.

Complaint by Shirley Skorina, as next friend of Shirlene McClinchey, a minor, against Walter R. Chihocki and Diane M. Chihocki for personal injuries sustained in automobile-pedestrian accident. Derivative action by Shirley Skorina for medical expenses. Cases consolidated for trial and on appeal. Directed verdict and judgment for defendants. Plaintiffs appeal. Reversed and remanded for new trial.

*Ross & Bruff* and *Julius M. Grossbart,* for plaintiffs.

---

REFERENCE FOR POINTS IN HEADNOTE
38 Am Jur, Negligence §§ 344, 347, 348.

*Rouse, Selby, Webber, Dickinson & Shaw,* for defendant.

Per Curiam. These actions involve an automobile accident in which plaintiff Shirlene McClinchey, 14 years old, a pedestrian, was struck by a vehicle being driven by defendant Diane M. Chihocki. The accident occurred on October 16, 1961, when plaintiff attempted to cross Trenton road in Southgate, Michigan, in a school zone near Davidson Junior high school.

Following the presentation of evidence in a jury trial, the trial judge granted defendants motion for directed verdict of no cause of action holding, as a matter of law, that defendant was free of negligence and that plaintiff was contributorily negligent. Plaintiffs have appealed contending that the trial judge performed the jury's function in weighing conflicting evidence and deciding disputed factual questions.

We find, on examining the record, numerous facts in dispute and unsettled, *e.g.,* whether plaintiff was walking or running in attempting to cross Trenton road, whether defendant was driving too fast for the conditions present, whether defendant should have seen plaintiff sooner than she claimed to have seen her, whether plaintiff ran into the vehicle or was hit by it, et cetera. It was error for the trial judge to rule, as a matter of law, that defendant was free of negligence and that plaintiff was contributorily negligent. There were disputed factual questions present requiring jury determination.

Reversed and remanded for new trial not inconsistent with this opinion.

T. G. Kavanagh, P. J., and Holbrook and Beer, JJ., concurred.