**Joyce M. BAKER, Appellant,**

v.

**Stanley J. RICHESON and James Dodd Williams, d/b/a Merrymobile of Louisville, Appellees.**

Court of Appeals of Kentucky.

May 2, 1969.

John G. Crutchfield, Jones, Ewen, MacKenzie & Peden, Louisville, for appellant.

Robert J. Beale, Mayer, Cooper & Kiel, Louisville, for appellees.

CULLEN, Commissioner.

Gregory Allen Scott, a six-year-old boy, was struck on a residential street in Louisville by an automobile driven by Joyce M. Baker. He had run into the street just as an ice cream vending vehicle called a "Merrymobile" was leaving the area after having been parked with its operator engaged in selling ice cream to the children there. A suit was brought on Gregory's behalf against Mrs. Baker to recover damages for his injuries, and she settled the suit for a little over $7,000. She then brought the instant action against the operator and the alleged owner of the Merrymobile, seeking *contribution* on the theory that the operator of the Merrymobile had been guilty of negligence which was a contributing cause of Gregory's injuries. Mrs. Baker took the deposition of the operator of the Merrymobile, and the defendants took the depositions of Mrs. Baker and of two elderly passengers in her car. The defendants then moved for summary judgment on the ground that there was no showing of a genuine issue of negligence on their part. The motion was granted and summary judgment was entered, from which Mrs. Baker has appealed.

The depositions were not seriously in conflict as to the facts, except that Mrs. Baker and her passengers said that the music device on the Merrymobile was playing whereas the operator said it had been turned off. The facts appear to have been that the Merrymobile had been parked on the north side of the street and numerous children in the area had come to it and purchased ice cream. Mrs. Baker, who lived on the street and had been on a shopping trip, turned into the street at an intersection about a block east of the place where the Merrymobile was parked. As she neared that place, headed west, the Merrymobile backed out of its parking spot, made a U-turn and passed Mrs. Baker's car going east. The Merrymobile had reached a distance only some 15 feet past Mrs. Baker's car when Gregory ran into the street from the north side into the path of Mrs. Baker's car. Mrs. Baker said she did not see the child before the impact but one of her passengers said the child came from behind a parked car. The passenger said the child was running toward the Merrymobile. The operator of the Merrymobile testified that there were "quite a few" children in the area where he had parked; they were "running around and playing and things;" "most of them had done eat their ice cream and gone on playing;" and "they come around there climbing up on the truck all around, all of them hollering at one time, you know, and I didn't pay too much attention to that."

This case differs from Mackey v. Spradlin, Ky., 397 S.W.2d 33, in that there the ice cream vending vehicle was stopped and

the operator was engaged in vending ice cream when a boy, who had just made a purchase, ran from the back of the vehicle into the path or side of a passing truck. This court held that the driver of the ice cream vehicle was *negligent as a matter of law* in failing to keep a lookout for approaching traffic and to warn the children thereof. The distinguishing feature is, of course, that in the instant case the ice cream vehicle had terminated its vending operation and was in motion leaving the scene.

As we view the case, the question is whether the operator of the ice cream vehicle can be considered to have had any duties of warning or precaution in connection with his movements of departure from the selling site. Plainly he knew that there were many children playing around in the area, most of whom had patronized his stand but some of whom he reasonably might have anticipated were still potential customers. The purpose of his being there, and of the design of the vehicle, was to attract children to buy his product, and he admitted that the purpose of playing the music was to attract the children. So we think it could reasonably be considered that he was chargeable with knowledge that as he left the scene some child might pursue his vehicle in an effort to make a last-minute purchase. The question is whether there were any precautions he reasonably might have taken to protect such a child from the dangers of other traffic.

It occurs to us that reasonable minds might believe that the operator should have (1) turned off the music, (2) announced loudly to the children in the vicinity that he was closing up his stand and departing, and (3) warned the children not to run after him. It would seem anomalous for this court to hold (as in *Mackey*) that while stopped and engaged in selling the operator has as a matter of law the duty to warn his customer-children of approaching traffic, but then to hold that the moment the operator commences his departure from the scene there are no duties which even a jury could find to be owed by him.

■ As pointed out in *Mackey*, the ice cream vendor is chargeable with a higher than ordinary degree of foresight because he has consciously and directly invited the children into an area of danger. We are not prepared to say that upon a trial of this case no issue of violation of this high duty possibly could be evolved. A condition of granting a summary judgment for a party has been said to be establishment that the adverse party cannot prevail under any circumstances. Clay, CR 56.03, Comment 4, p. 164; Kaze v. Compton, Ky., 283 S.W.2d 204. We are not convinced that under no circumstance could the defendants in this action be found negligent.

We find nothing in the decisions from other jurisdictions to show reasons absolutely foreclosing any finding of negligence under circumstances such as here presented. See Annotation, 74 A.L.R.2d 1056, and later case service.

■ It is our conclusion that the alleged absence of a genuine issue as to negligence of the defendants was not a valid ground for granting summary judgment for the defendants.

The appellee-defendants assert, however, that it was proper to grant them a summary judgment on the ground of *limitations*. (Only one of them *pleaded* limitations, however.) The accident occurred on April 7, 1964. The settlement of the claim against Mrs. Baker was made on April 27, 1965. The instant suit by Mrs. Baker for contribution was brought against the owner of the Merrymobile on November 11, 1965, and the operator was brought in by amended complaint on May 24, 1967. The argument is that this is in substance a suit to recover for personal injuries which is controlled by the one-year limitation statute, KRS 413.140, and therefore the limitation ran out in April 1965. The appellant maintains that the liability for contribution

is one created by statute, KRS 412.030, and as such is governed by the five-year limitation prescribed by KRS 413.120 for liabilities created by statute, the cause of action being deemed to have accrued when payment was made by Mrs. Baker. See Consolidated Coach Corporation v. Wright, 231 Ky. 713, 22 S.W.2d 108. In the alternative, the appellant says that if the one-year statute is to be considered applicable it can be so only on the theory that the appellant, seeking contribution, stands in the place of the injured person; that here the injured person was a *minor* as against whom limitations would not run during minority; and since limitations had not run against him they could not have run against the appellant standing in his place.

While we find no Kentucky cases directly in point we do find the holding in Vansant's Ex'x v. Gardner's Ex'x, 240 Ky. 318, 42 S.W.2d 300, that an action by one *surety* against another for contribution is governed by the five-year statute and the cause of action does not accrue until payment by the one seeking contribution. And by reference to 18 Am.Jur.2d, Contribution, secs. 92, 93, pp. 128, 129, and the annotation, 20 A.L.R.2d 925, we find the general rule to be that a statute of limitations governing the liability of a tortfeasor to the injured person does not apply to the liability for contribution resulting from the injury. Accordingly, we are persuaded that the five-year statute is applicable in the instant case. (We thus do not reach the alternative argument, although we find it strongly persuasive also, because if the injured person's time for suing the tortfeasor has not expired why should he be awarded any immunity from a suit for contribution which grows out of the tortfeasor's liability to the injured person?)

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur except MONTGOMERY, C. J.