### NICOSIA v. GOOD HUMOR CORPORATION

1. AUTOMOBILES — NEGLIGENCE — ICE-CREAM TRUCK — MINOR — DIRECTED VERDICT — JURY QUESTIONS.

Directed verdict for both ice-cream truck owner and motorist in case where an eight-year-old child, without looking or listening for traffic, stepped into a street from behind a parked ice-cream truck and collided with a passing automobile *held*, error, since the number of children clustered around an ice-cream truck in a suburban area did raise jury questions of the ice-cream truck owner's liability for negligence, the child's possible contributory negligence, and whether a greater duty of care is owed by a driver passing such a gathering.

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence §§ 344–350, 357.
[2] 38 Am Jur, Negligence §§ 96, 98.

2. NEGLIGENCE—BUSINESS INVITEE—ICE-CREAM TRUCK.

  A child, when near a mobile ice-cream vending truck which has
    stopped to sell its wares, has the status of a business invitee.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 April 14, 1969, at Lansing. (Docket No. 5,722.) Decided May 29, 1969. Leave to appeal denied January 20, 1970. See 383 Mich 758.

Complaint by Janet Nicosia, as next friend of Linda Nicosia, a minor, and Joseph Nicosia and Janet Nicosia against Good Humor Corporation, a Delaware corporation, and Esther C. Pascoe, for damages resulting from personal injuries sustained in automobile-pedestrian accident. Directed verdict of no cause of action. Plaintiffs appeal. Reversed and remanded.

*John Boghosian,* for plaintiffs.

*Alexander, Buchanan & Conklin (Perry J. Seavitt,* of counsel), for Good Humor Corporation.

*Moore, Sills, Poling & Wooster,* for Esther C. Pascoe.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

McGREGOR, P. J. An eight-year-old girl pedestrian collided with a passing car while crossing a road from behind an ice-cream truck. As a result, plaintiffs filed a damages action against both the ice-cream truck owner and the driver of the car. After plaintiffs presented their proofs in a jury trial, the circuit court directed a verdict for defendants, finding that actionable negligence had not been shown,

and that the girl was contributorily negligent as a matter of law. The court denied plaintiffs' motion for a new trial, and plaintiffs herein appeal the court's rulings.

The question, simply, is whether the directed verdict of no cause of action was correct.

The facts include the following: the girl's home is located on the west side of the street where the accident occurred. She was on the return leg of her third consecutive trip to purchase wares from the ice-cream truck, parked on the street's east side. Without looking or listening for traffic, she stepped into the street from behind the truck. A witness stated the girl came into contact with the left front fender of the car as it passed the truck at a slow speed. Although the truck was moved after the accident and before the police arrived, the girl's mother testified that her daughter was lying three feet behind the truck and that the rear of the stopped car was seven feet beyond her daughter.

Plaintiffs argue that the question of the child's contributory negligence was one of fact for the jury's consideration. *Burhans* v. *Witbeck* (1965), 375 Mich 253. Furthermore, plaintiffs assert that their proofs presented a "prima facie" case of defendants' negligence, and thus that question also should have been submitted to the jury. *Fuller* v. *Magatti* (1925), 231 Mich 213. As support for their position, plaintiffs contend that the facts present several indicia from which negligence could be legitimately inferred. For example, the ice-cream truck was parked in a no-parking zone, considered to be evidence of negligence in *Hodgdon* v. *Barr* (1952), 334 Mich 60. Also, the number of children clustered around the ice-cream truck may allow a jury to infer that a greater degree of care was required of the defendant driver passing by the ice-cream truck. In conclusion, plaintiffs as-

sert that a negligence case must be very clear before
a court should direct a verdict either way. *Kaminski
v. Grand Trunk Western Railroad Company* (1956),
347 Mich 417. Also see *American Air Lines, Inc.,* v.
*Shell Oil Company, Inc.* (1959), 335 Mich 151; *Mc-
Clinchey* v. *Chihocki* (1968), 11 Mich App 591.

The thread of defendants' arguments is that where
there is insufficient evidence of negligence, there is
no question for the jury. *Mercure* v. *Popig* (1949),
326 Mich 140.

There are no Michigan decisions on all fours with
the facts of this matter. However, other jurisdic-
tions have considered the particular problem of
mobile ice-cream vendors and have held that there
is an increased duty of care owed by drivers of ice-
cream trucks as well as drivers driving by ice-cream
trucks.

In *Jacobs* v. *Draper* (1966), 274 Minn 110 (142
NW2d 628), plaintiff recovered in an action for
wrongful death from an owner of an ice-cream truck.
The driver of the truck parked in a "no-parking"
zone while selling ice cream to children. He drove
on some distance and stopped again. Plaintiff's son,
age three-and-one-half, darted from behind the front
of the truck into the path of defendant Draper's car.
Draper, driving at a speed of 5 to 15 miles per hour,
struck and killed the child. The court concluded that
the presence of the ice-cream truck induced children
to approach the truck. Thus, it appeared to the
court that if the owner and operator of the ice-cream
truck did not as a matter of law violate any duty of
care toward the children present, it was a fact ques-
tion whether they were negligent or not. The court
held that the negligence of both the driver of the
car and the ice-cream truck was clearly a jury ques-
tion; and even if the driver of the car were negligent,
such negligence would not have been an independent

act superseding the negligence of the ice-cream dispenser, since it was within the realm of reasonable foreseeability.

In *Mackey* v. *Spradlin* (Ky App, 1965), 397 SW2d 33, a child buying ice cream ran out from behind an ice-cream truck; a dump truck was passing at a speed of 5 miles per hour, the child ran into the truck's side in front of its left rear wheels, and was killed. The trial court held that none of the defendants breached a duty of care toward the victim of the accident. All defendants won a directed verdict. The appellate court reversed and remanded the case for consideration by the jury. With respect to the truck driver's negligence the court stated that, under the attending circumstances of the case, due care demanded that the truck driver be prepared to stop almost instantly.

"We realize the closeness of this point but are of the opinion that the circumstances thus far shown, without further explanation or elaboration in the form of defensive testimony, are sufficient to raise a permissive inference of negligence on the part of the truck driver as a proximate causal factor in the accident. Hence it was error to direct a verdict in favor of the truck driver and his employer under the state of the evidence at the close of plaintiff's case in chief." *Mackey* v. *Spradlin, supra,* 36, 37.

In *Vought* v. *Jones* (1965), 205 Va 719 (139 SE2d 810), under similar facts, the court reversed and remanded the case for submission to a jury. The court determined that it was a question of fact whether the driver of the ice-cream truck breached his duty of care to the child, a business invitee, and whether that breach was a proximate cause of the accident.

We agree with the views outlined above. A jury may find a greater duty of care owed by mobile ice-

cream vendors as well as drivers passing such operations. Specifically, the facts presented in this matter, particularly that a number of children were clustered around an ice-cream truck in a suburban area, did raise jury questions of the defendants' liability for negligence, and the child's possible contributory negligence. We do not agree with the lower court in its decision that on the facts defendants were not negligent as a matter of law, especially when we acknowledge the danger inherently posed by mobile vendors dispensing their wares to children while parked on suburban and urban roadways. The jury should have decided those questions. Moreover, the jury should have decided whether the child was contributorily negligent, considering her age, capability, and status as a business invitee.

Reversed and remanded. Costs to abide the final decision.

All concurred.