ROBERTS ET AL., APPELLANTS, *v.* AMERICAN BREWED COFFEE ET AL., APPELLEES.

[Cite as Roberts v. American Brewed Coffee (1973), 40 Ohio App. 2d 273.]

(No. 7028—Decided March 28, 1973.)

*Messrs. Demer & Dunson,* for appellants.
*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Timothy F. Scanlon,* for appellees.

VICTOR, J. This appeal is from an order dismissing the plaintiffs' amended complaint, on the ground that it fails to state a claim upon which relief can be granted.

The amended complaint alleges that plaintiff Janita Roberts, an appellant, is the mother of plaintiff Cheryl Kay Roberts, four years of age; that the defendants American Brewed Coffee and Dexter R. Woods, the appellees, oper-

274

ate a mobile vending business, selling ice cream from trucks, under the name of "Mister Softee"; that, on August 24, 1971, at approximately 4:20 p. m., they were operating such a truck on Rhodes Avenue, in the city of Akron, Ohio.

The amended complaint further alleges that: "said truck was playing music in an attempt to attract children to buy ice cream * * * [and] was not stopped at an intersection or where a cross-walk was located"; defendants, American Brewed Coffee and Dexter R. Woods, "knew or should have known that during said hour the traffic was heavy on Rhodes Avenue and that children, upon hearing the music and seeing the ice cream truck, would be encouraged to cross Rhodes Avenue in order to purchase the ice cream"; the defendants "thus created a negligent condition and an actively negligent condition"; Cheryl Kay Roberts "heard the music from the Mister Softee ice cream truck and ran to purchase some ice cream"; in order to reach the truck, she was "required to cross Rhodes Avenue," and, as she was crossing Rhodes Avenue and "proceeding directly to said Mister Softee ice cream truck, an automobile then being operated on Rhodes Avenue struck [her] * * * and caused her to be severely injured"; "as a result of said negligence and said active condition of negligence which was created by the defendants, plaintiff Cheryl Kay Roberts sustained serious injuries * * *."

Thereafter, American Brewed Coffee filed an answer denying all material allegations of the complaint. Dexter Woods filed no answer, but both defendants thereafter filed a motion to dismiss, which was sustained by the trial court.

Plaintiffs assert that the motion to dismiss should not have been granted because "the plaintiffs' complaint indicated that the defendants had invited the plaintiff to do business with them and yet they failed to exercise due care to prevent injury to the plaintiff."

Since American Brewed Coffee filed an answer to the amended complaint, its motion to dismiss was out of order. However, that issue has not been raised, and we shall disregard it. The parties agree that we should determine

whether the amended complaint states a claim for which relief may be granted.

The plaintiffs' claim for relief is based upon the proposition that the defendants owed a duty to Cheryl Kay Roberts to provide her with a safe passage across Rhodes Avenue, to their place of business, temporarily established on that street, and in the public way, and that they breached that duty by failing to provide her with a safe passage, as a result of which she was struck by an automobile and sustained serious injuries.

As pointed out in *Thomas* v. *Goodies Ice Cream Co.*, 13 Ohio App. 2d 67 at 68:

"The operation of such a vending business upon the public streets depends upon the customer, frequently a child, coming to the vendor's vehicle at the place it is stopped in the roadway. Many of the customers cross the road or enter the paved portion of the street in coming to the vendor or in being served or in leaving. Crossing any traveled street presents hazards. For children to cross without direct supervision is fraught with danger. * * * In our opinion, the risk to a child is obvious and substantial. The defendants owed a duty to exercise reasonable care to protect the child customer from that obvious hazard."

We agree with that statement of the law.

We hold that street vendors (modern Pied Pipers), selling ice cream (a product tastefully delectable to young children), from a vehicle temporarily parked on a busy street, thereby requiring some children to cross the street to make a purchase, and who play recorded music to attract children to their place of business, owe a duty to such invitees to exercise ordinary care for their safety, and to protect them from the hazards of moving traffic while they are crossing the street.

A complaint which asserts, in substance, that, under such conditions, a vendor failed to exercise such care, by stopping his vehicle at a place in the roadway which he knew, or should have known, was not an intersection, or favored with a marked cross-walk, thereby inviting children to purchase his wares under the dangerous conditions then

existing, and that, as a result thereof, a child, while crossing the street, was struck by an automobile, states a claim upon which relief can be granted, and is sufficient against a motion to dismiss.

The fact that the driver of another car actually struck Cheryl, does not, as a matter of law, establish a lack of proximate cause as to the defendants. *Thomas* v. *Goodies Ice Cream Co., supra.*

We reverse the judgment and remand the case to the trial court for further proceedings.

In doing this, we recognize a contrary holding of this court in the unreported case of *Jackson* v. *Huth*, 1964, Summit County case No. 5438. The trial court dutifully followed that decision, and we find no error in that respect. However, in our judgment, that case, which held that "there was no duty upon * * * [the ice cream vendor] to provide a safe passage for his customer," is not in accord with the general rule in the United States. Hence, we shall no longer follow it.

See 8 American Jurisprudence 2d 121, Automobiles and Highway Traffic, Section 569; Annotation, 74 A. L. R. 2d 1056; *Schwartz* v. *Helms Bakery Limited*, 67 Cal. 2d 232, 430 P. 2d 68; *Ellis* v. *Trowen Frozen Products, Inc.*, 264 Cal. App. 2d 499; *Mackey* v. *Spradlin* (Ky.), 397 S. W. 2d 33; *Baker* v. *Richeson* (Ky.), 440 S. W. 2d 272; *Jacobs* v. *Draper*, 274 Minn. 110, 142 N. W. 2d 628; *Vought* v. *Jones*, 205 Va. 719, 139 S. E. 2d 810; *Nicosia* v. *Good Humor Corp.*, 17 Mich. App. 568, 170 N. W. 2d 164; *Hastings* v. *Smith* (Tenn.), 443 S. W. 2d 436; and Prosser, Torts, 173, Section 33.

*Judgment reversed and cause remanded.*

BRENNEMAN, P. J., and MAHONEY, J., concur.