JOSIANNE L. LAUMANN v. DEBRA LEE PLAKAKIS AND ADAMS-MILLIS CORPORATION

No. 8618SC738

(Filed 20 January 1987)

**Negligence § 57.11— outlet store—parking lot across street—injury to customer on street—duty of store owner**

> In an action to recover for personal injuries sustained by plaintiff when she was struck by a car while crossing a busy street between defendant corporation's place of business and its parking lot designated for customers, the trial court properly dismissed plaintiff's complaint against the corporation, since defendant was under no duty to provide for a crossing guard, warning lights, or other traffic control devices over a city street; defendant was under no duty to warn of the hazard of jaywalking across a busy thoroughfare, an obvious and not hidden danger; and defendant's duty to keep its premises reasonably safe was inapplicable because plaintiff was injured on a city street and not defendant's premises.

APPEAL by plaintiff and defendant from *Washington, Judge*. Judgment entered 14 February 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 December 1986.

Plaintiff was injured on 14 May 1982 when she was struck by a car driven by defendant Debra Lee Plakakis. At the time, plaintiff was crossing English Road in High Point, a busy, three-lane,

one-way thoroughfare. She was crossing from defendant Adams-Millis Corporation's outlet store, where she had just made a purchase, to a parking lot owned by the corporation which was designated for customer parking. There were no crosswalks or warning signs or lights of any sort where plaintiff crossed.

Alleging negligence, plaintiff sued both the defendant driver, Plakakis, and Adams-Millis Corporation. Defendant Plakakis filed a crossclaim against Adams-Millis in which she alleged that the latter's negligence had superseded hers, thereby entitling her to indemnification from defendant corporation, or alternatively, Adams-Millis' negligence had at least contributed to plaintiff's injuries, thereby entitling Plakakis to contribution from defendant corporation.

Adams-Millis Corporation answered denying the allegations contained in the complaint and crossclaim. Defendant corporation moved the trial court to dismiss the complaint and crossclaim against it pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The trial judge granted the motion as to both plaintiff's complaint and defendant Plakakis' crossclaim, and dismissed Adams-Millis Corporation from the lawsuit. Both plaintiff and defendant Plakakis appeal.

*The Law Firm of Joe D. Floyd, P.A., by Philip R. Skager for plaintiff-appellant.*

*Smith Helms Mulliss and Moore by Timothy Peck for defendant-appellee.*

*No brief for defendant-appellant.*

PARKER, Judge.

We note first with respect to the purported appeal of defendant-appellant Debra Lee Plakakis that she has failed to perfect her appeal by the complete failure to note any exceptions or assignments of error in the record as required by N.C. Rule App. Proc. 10(a). She has also failed to comply with N.C. Rule App. Proc. 28 by not filing a brief with this Court. Therefore, the appeal of defendant-appellant Plakakis is hereby dismissed.

We turn now to plaintiff's sole assignment of error, namely the granting of defendant corporation's motion to dismiss. In rul-

ing on a motion to dismiss under Rule 12(b)(6), a court is concerned only with the law of a claim, not the facts alleged to support the claim. *Renwick v. News and Observer*, 310 N.C. 312, 312 S.E. 2d 405, *cert. denied*, 469 U.S. 858, 105 S.Ct. 187, 83 L.Ed. 2d 121 (1984). The allegations of the complaint are taken as true and only if it affirmatively appears that plaintiff would be entitled to no relief under any facts which could be presented should the motion be granted. *Id.*

Plaintiff alleges in her complaint that Adams-Millis Corporation is liable for her injuries as it knew that customers of its factory outlet frequently crossed English Road at the point where she crossed and failed to take any action to make the area safe by installation of warning signs, lights or a crosswalk. Plaintiff further alleges that the defendant corporation had encouraged patrons of its store to cross at the place where she crossed by erecting a fence around the parking lot. According to plaintiff's allegations, the only opening in the fence through which both cars and pedestrians entered and exited the parking lot was onto English Road; from this opening the nearest traffic signal was sixty feet away. At some earlier point in time, there had been another means of ingress and egress onto a different less heavily traveled street.

We agree with the trial court that the allegations fail, as a matter of law, to state a claim upon which relief can be granted. A business owner has the duty to use ordinary care to keep his premises reasonably safe for his business invitees and to warn his invitees of any hidden dangers, *e.g., Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979), and this duty extends to a parking lot provided by the owner for the use of the invitees. *Id.* However, there are no allegations in plaintiff's complaint which could support any conclusion that an unsafe condition in defendant corporation's parking lot caused plaintiff's accident. The unsafe condition which resulted in plaintiff's injury was the busy street over which appellee had no control.

The duty to provide for traffic control on public streets in a municipality is charged by statute to the city. *See* G.S. 160A-296 (a); G.S. 160A-300. Defendant corporation had no duty to provide for a crossing guard, warning lights or other traffic control devices over a city street. Further, the corporation was under no

duty to warn of the hazard of jaywalking across a busy thorough-fare, an obvious, not a hidden danger. *See Spell v. Contractors,* 261 N.C. 589, 135 S.E. 2d 544 (1964).

Plaintiff also alleged that defendant corporation negligently maintained its business premises and parking lot. Plaintiff, how-ever, was not injured on defendant corporation's business prem-ises or parking lot. She was injured in the street. The allegedly offending fence around the parking lot did not force pedestrians to cross English Road at the point where plaintiff crossed. Even if the fence were not there, customers of defendant corporation's store would still have to cross English Road.

A business owner is not an insurer of the safety of his cus-tomers. *See Foster v. Winston-Salem Joint Venture,* 303 N.C. 636, 638, 281 S.E. 2d 36, 38 (1981). The duty owed by the business owner to his customers to keep his premises reasonably safe is extensive, but it only applies when the customer is on the busi-ness premises, or where the defendant through some affirmative action created the dangerous condition. *See, e.g., Dunning v. For-syth Warehouse Co.,* 272 N.C. 723, 158 S.E. 2d 893 (1968). *See also Ellsworth v. Colorado Beverage Co.,* 150 Colo. 19, 370 P. 2d 159 (1962) and *Brandt v. Great Atlantic & Pacific Tea Co.,* 11 N.J. Super. 528, 78 A. 2d 598 (1951).

Nothing in plaintiff's complaint could support a finding that Adams-Millis breached its duty to plaintiff to keep its own prem-ises safe. The motion to dismiss under Rule 12(b)(6) was properly granted.

Dismissed in part; affirmed in part.

Judges WELLS and MARTIN concur.