[Civ. No. 8932.   Fourth Dist., Div. Two.   July 29, 1968.]

CAROL ANN ELLIS, a Minor, etc., Plaintiff and Appellant, v. TROWEN FROZEN PRODUCTS, INC., Defendant and Respondent.

Young, Henrie & McCarthy and John C. McCarthy for Plaintiff and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Alan E. Johnson for Defendant and Respondent.

McCABE, P. J.—This is an action for personal injuries suffered by the 5-year-old plaintiff when she was struck by an automobile while crossing the street to make a purchase from defendant's ice cream truck.[1] Upon the conclusion of plaintiff's case, the trial court, sitting with a jury, granted a judgment of nonsuit in favor of defendant. Plaintiff appeals from this judgment.

The facts of the case will be stated according to the familiar rule that the evidence must be viewed in the light most favorable to plaintiff, disregarding conflicting evidence on behalf of the defendant and indulging in every reasonable inference in favor of plaintiff. We may affirm the judgment only if there is no substantial evidence which would support a verdict for plaintiff. (*Schwartz* v. *Helms Bakery Ltd.*, 67 Cal.2d 232, 235 [60 Cal.Rptr. 510, 430 P.2d 68]; *O'Keefe* v. *South End Rowing Club*, 64 Cal.2d 729, 733 [51 Cal.Rptr. 534, 414 P.2d 830, 16 A.L.R.3d 1].)

Plaintiff sustained injury on May 14, 1964, at approximately 6:55 p.m. in the 900 block of West "I" Street. Defendant's truck was parked in the middle of the block, next to the curb and almost directly across the street from plaintiff's home. It was daylight, the streets were dry and visibility was clear.

The testimony of defendant's driver may be summarized as follows: it was his job to sell ice cream products from defendant's truck as it traveled through the residential section of the city; defendant offered a wide variety of ice cream products for sale; he was the driver of the truck as well as the salesman; he was supplied with a route sheet each day which specified the streets he was assigned to cover; the truck was to proceed down a street just once attracting customers from

---

[1]The only defendant herein is the company which owned and operated the ice cream truck. The truck driver is not a party to the action and the action against the owner and operator of the automobile was dismissed.

both sides of the street; the chief attracting mechanism was a loudspeaker system on the truck which continuously broadcast a simple tune while the truck was in motion; the tune could be heard approximately one block from the truck; when a potential customer attracted his attention, he would stop the truck along the right hand curb, turn off the engine and the music and alight from the truck to serve the customer; the average stop was from three to five minutes; the purposes of stopping the music was to inform other potential customers that the truck had parked in the area for business; the truck always stopped away from a corner; 90 percent of defendant's customers were children ranging in age from 4 to 16; the best hours for making sales were from 4 to 7 p.m. when the children were home from school but before they went to bed; although he never received instructions from the defendant, he made it a practice not to serve young children in the street because of the danger of passing automobiles; and, his truck was equipped with headlights, turn signals and tail lights. It had no parking lights of any kind.

The driver further testified that on the date of the accident he had parked in the middle of the block on West "I" Street for the purpose of selling ice cream; after making several sales, he began to close the compartments in preparation to leave; at this point he noticed a car traveling west on "I" Street; he then heard a "thud"; he did not see plaintiff before she was struck by the car; he saw that the child was being cared for, and he drove away without talking to anyone; and, he did not maintain a lookout up and down the street on behalf of his customers.

The testimony of the remaining witnesses may be summarized in pertinent part as follows: plaintiff Carol Ann Ellis, age 5, heard the music from the approaching truck and saw it several houses away coming in her direction; she entered the house and obtained a quarter from her mother; she and her brother, Rickey, age 8, then ran down the driveway toward the ice cream truck which was parked across the street from her home; her father, who was working on the car in the driveway by the house, saw the children running toward the street and yelled "Stop"; he did this as a general precaution rather than because of knowledge of a specific danger; Rickey heard him and stopped at the curb; plaintiff did not hear him and continued running into the street; she looked to the right but not to the left; a vehicle driven by a Mr. Grow struck plaintiff while traveling at approximately 20 miles per hour;

Plaintiff was in the center of the westbound traffic lane when she was struck.

The trial court, after hearing the above evidence, concluded that it was unable to find a legal duty ''on the part of this defendant towards this plaintiff under the particular circumstances'' and granted the nonsuit.

When the motion of nonsuit was interposed, the trial court was presented with the question of duty, i.e., the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which the injured person is a member. (*Routh* v. *Quinn*, 20 Cal.2d 488, 491 [127 P.2d 1, 149 A.L.R. 215] ; see also *Amaya* v. *Home Ice, Fuel & Supply Co.*, 59 Cal.2d 295, 307 [29 Cal.Rptr. 33, 379 P.2d 513] ; *Richards* v. *Stanley*, 43 Cal.2d 60, 63 [271 P.2d 23].) If there was no duty owed, the decision of the trial court was correct. Contrarily, if there was a duty owed, the trial court's ruling was improper and would require a reversal. We have decided there was a duty owed to plaintiff by defendant. Whether that duty which we will describe was properly discharged is for the jury to decide. Reasonable minds could differ on the question of discharge of duty.

Reasonable minds cannot differ, however, that when an actor, such as the defendant here, has a product which is sold on its trucks on public streets to a very high percentage of child customers, and in doing so uses a commonly recognized sound device which a child relates to the product, the actor has extended an invitation to children who are attracted to and desire to purchase the product. That the children will arrive at the stopped truck from various directions is known or should be known to the actor. Of necessity, this is true when the actor's truck purposely travels the residential sections where there are known to be potential child purchasers. The truck is not stationary for longer than a few minutes at a time and travels on to other parts of residential areas where there are additional potential child purchasers. The potential customers who are attracted to and who approach the truck are classed as invitees. (*Schwartz* v. *Helms Bakery Ltd.*, *supra*, 67 Cal.2d 232, 239.)

As to the duty owed to invitees, it would be to exercise due care for their safety but when dealing with a young child, the actor must exercise greater caution than in dealing with an adult. (*Schwartz* v. *Helms Bakery Ltd.*, *supra*, at pp. 239-240, and cases therein cited.) Moreover, this duty of care is not satisfied by an exercise of caution as to the children actu-

ally observed; the driver must anticipate that other children may be in the vicinity. (*Menchaca* v. *Helms Bakeries, Inc.*, 68 Cal.2d 535, 542 [67 Cal.Rptr. 775, 439 P.2d 903]; *Hilyar* v. *Union Ice Co.*, 45 Cal.2d 30, 36 [286 P.2d 21].)

■ The invitor's duty extends to "the premises;" however, it is not limited to area owned or leased by the invitor. "An invitor bears a duty to warn an invitee of a dangerous condition existing on a public street or sidewalk adjoining his business which, because of the invitor's special benefit, convenience, or use of the public way, creates a danger." (*Schwartz* v. *Helms Bakery Ltd., supra,* 67 Cal.2d 232, 239.)

The courts would be blind to reality if the "area" or "premises" were, in the case at bench or under like facts, confined to the truck itself. It was not so confined in the *Schwartz, supra,* case.

■ The duty of care to be exercised by street vendors has long since been decided not only in the cited California cases but also in *Landers* v. *French's Ice Cream Co.*, 98 Ga. App. 317 [106 S.E.2d 325, 74 A.L.R.2d 1050]; *Jacobs* v. *Draper*, 274 Minn. 110 [142 N.W.2d 628]; *Mackey* v. *Spradlin*, (Ky.App.) 397 S.W.2d 33.

In the case at bench, defendant cannot support the ruling of the trial court on the ground that there was a foreseeable intervening cause for as was stated in the *Schwartz, supra,* opinion at p. 238, ". . . foreseeable intervening acts constitute no excuse from liability for negligence." Under the facts of the case at bench it was readily foreseeable by the driver of the truck that unless the proper precautions were taken, there might be an intervening act.

Since there was a duty of care owed to plaintiff and there was evidence upon which reasonable minds might differ, it was prejudicial error for the trial court to rule as a matter of law that there was no duty of care or that it had been fulfilled.

Judgment reversed.

Kerrigan, J., and Tamura, J., concurred.