This appeal is from final judgment dismissing the declaratory judgment action of Dixie Store Fixtures and Sales Company, a corporation. Defendants in the action are Supreme Fixture Company (a trade name by which the owner, Carl Hampel, does business); Walker County Medical Center, Inc.; John C. Campbell and Associates, Inc.; the Medical Clinic Board of the City of Jasper, Inc.; Cromwell, Neyland, Truemper, Levy and Gatchell, Inc.; and T.R. Smith and Associates. We affirm.
By its action, Dixie sought an injunction and declaratory judgment. It sought to enjoin defendants Medical Clinic Board of Jasper, the Walker County Medical Center, Inc., and John C. Campbell and Associates from entering into a contract with defendant Supreme Fixture Company (Carl Hampel) for the purchase and installation of kitchen equipment in a new hospital building being erected by the Walker County Medical Center. It further sought a declaration that its bid was the lowest responsible bid submitted for the sale and installation of the kitchen equipment because Supreme's lower bid could not be accepted, and a valid contract based thereon, for the reason it was made by one not licensed as a general contractor in the State of Alabama, in violation of § 34-8-1, Code 1975.
Sometime prior to January 1979, the Medical Clinic Board and Walker County Medical Center submitted to Dixie, as well as to several other companies, including Supreme, an invitation to bid on the dietary systems (for the sale and installation of kitchen equipment) for the proposed Walker County Medical Center.[1] The bidding was to be done according to contract documents prepared by Campbell and Smith. The invitation contained, inter alia, the following clauses:
 "* * * All bidders must comply with all applicable State Laws and Municipal Ordinances. All Vendors/Contractors shall be properly licensed (if required) in the State of Alabama, to contract for this work.
* * * * * *
 "6. The Owner reserves the right to waive any informality in, or to reject any or all Bids."
Dixie received the contract documents provided by Campbell and Smith and submitted a bid to the Medical Clinic Board in the amount of $377,337.80, along with an itemized list of kitchen equipment with unit prices included. Dixie was a licensed general contractor in the State of Alabama at the time it submitted its bid.
Supreme submitted a bid of $358,989. Supreme is a licensed general contractor in the State of Arkansas but at the time of submitting its bid was not licensed as a general contractor in Alabama.
Subsequently, Dixie was informed that Supreme was the lowest bidder on the project. Dixie also learned that Supreme was not a licensed general contractor under the laws of Alabama. Dixie notified the Medical Clinic Board and Walker County Medical Center by registered mail that it was the opinion of Dixie's attorneys that any contract entered into by the Medical Clinic Board and Walker County Medical Center with Supreme was invalid because Supreme was not licensed as a general contractor under the laws of the State of Alabama.
Receiving no response to its letter, Dixie filed this action asking, inter alia: (1) the court to set an immediate date for hearing its petition for a preliminary injunction; (2) the court to declare that § 34-8-6, Code 1975, prohibits Supreme's bid from being accepted; (3) the court to enjoin the Medical *Page 705 
Clinic Board and Walker County Medical Center from accepting Supreme's bid because Supreme was not licensed as a general contractor in the State of Alabama under § 34-8-1 through §34-8-10, Code 1975; and (4) the court to declare Dixie to be the lowest responsible bidder and to require the Medical Clinic Board and Walker County Medical Center to accept Dixie's bid.
Defendants filed motions to dismiss the action on numerous grounds, including standing. The trial court conducted an oretenus hearing on Dixie's request for a preliminary injunction. Testimony of various witnesses was taken and documentary evidence introduced. Most of the evidence concerned the extent of construction or supervision of construction that would be required of the party awarded the kitchen equipment contract.
The trial court apparently elected, as permitted under Rule 65, ARCP, to turn the hearing on the preliminary injunction into a final hearing on the merits. The trial court entered a final decree which denied Dixie's petition for preliminary injunction, dismissed its action, and taxed costs against it.
In the decree, the trial court found: (1) the installer of the food service equipment, as defined and set out in the offer of contract by the Walker County Medical Center, is not required to be a general contractor under the Alabama statutes, and (2) Dixie could not be awarded the relief it asked for because Walker County Medical Center, the Medical Clinic Board of Jasper, and John C. Campbell had expressly reserved the right to reject any and all bids.
The issue of whether the party that is awarded the kitchen equipment contract at issue in this case is required to be a licensed general contractor under § 34-8-1 through § 34-8-10, Code 1975, is extensively argued. The trial court expressly found that under the facts of this case the work required under the contract did not require the company awarded such contract to be a licensed contractor under § 34-8-1, Code 1975, which states:
 "For the purpose of this chapter, a `general contractor' is defined to be one who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000.00 or more, and anyone who shall engage in the construction or superintending the construction of any structure or any undertaking or improvements above mentioned in the state of Alabama, costing $20,000.00 or more, shall be deemed and held to have engaged in the business of general contracting in the state of Alabama."
By the tenets of the ore tenus rule we approve the trial court's findings and holding; therefore affirm the judgment below.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
[1] The Walker County Medical Center is a new hospital being built upon land owned by the Medical Clinic Board of the City of Jasper, Inc., a corporation created by the City of Jasper for the sole purpose of building and financing the new hospital.