The City of Dothan issued an invitation for bids on a contract to supply and install new carpeting to replace worn out carpeting at its Water World facility. The bids were opened on March 2, 1984, and it was determined that Stokes Floor Covering Company was the lowest bidder and that McCord Contract Floors, Inc., the plaintiff, was the second lowest bidder. Stokes was awarded the contract.
McCord filed this action for a declaratory judgment and an injunction on April 20, 1984. McCord seeks to establish that it was the lowest qualified bidder because it is a licensed general contractor whereas Stokes is not. McCord asks for damages and for an injunction to prevent the City of Dothan from violating contract bid provisions. The trial court granted the City of Dothan's motion to dismiss the action. McCord appeals from this judgment of dismissal.
Realizing that we are reviewing a motion to dismiss, we observe that we are dealing with questions of law only. McCord argues that any person who is awarded this contract must be licensed as a general contractor.
Section 34-8-1, Code 1975, provides that:
 "[a] `general contractor' is defined to be one who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000.00 or more, and anyone who shall engage in the construction or superintending the construction of any structure or any undertaking or improvements above mentioned in the state of Alabama, costing $20,000.00 or more, shall be deemed and held to have engaged in the business of general contracting in the State of Alabama."
(Emphasis added.)
A person desiring to be licensed as a general contractor may apply for such a license under the provisions of § 34-8-2, Code 1975. McCord's argument seems to be that without such a license Stokes was not a responsible bidder as contemplated by §41-16-50, et seq. Code 1975.
Section 34-8-1 is directed at persons who engage in construction of buildings, highways, sewers, grading, improvements, or structures. The replacement of worn carpeting cannot be characterized as the construction of an "improvement," the only term in the statute under which it could conceivably fit, so the work is not the type of work performed by a general contractor as defined in § 34-8-1.
Therefore, the successful bidder for carpet replacement is not required to be a licensed general contractor. Dixie StoreFixtures Sales Co. v. Supreme Fixture Co., 376 So.2d 703
(Ala. 1979).
McCord makes passing reference to § 40-12-84, Code 1975, as further grounds for invalidating the award of the contract to Stokes. This issue was not raised below, and furthermore it appears that Stokes procured from the Probate Judge of Houston County the contractor's license required by this statute. This argument presents nothing for our review.
McCord also contends that the City of Dothan ignored its general instructions to bidders by not requiring a bid bond from Stokes or a surety bond, but instead accepting an irrevocable commercial letter of credit. The specific provision in question is 4 (b)(1), which provides as follows:
 "Bid bonds for repairs to or construction of public works having a value in excess of $1,000 must be replaced by a performance bond in the amount of 100% of the bid price and a surety bond in the amount of 50% of the contract price upon award of the contract (purchase order). These bonds will remain in effect until completion of the contract."
To answer this contention we need only further examine the provisions of the general instructions to bidders. The general instructions at 5 (a)(1) provide as follows:
"The City of Dothan reserves the right to: *Page 998 
 "Reject any or all bids and to waive technicalities when, in the opinion of the City, the best interest of the City will be served."
Pursuant to this provision the City of Dothan was within its authority to waive the requirements set out at 4 (b)(1) of the instructions. The city acted within its authority in deciding that the letter of credit was a sufficient substitute for a bond and that it was in the best interest of the city to waive the technical requirement of a bond.
In view of our holding that the complaint did not state a cause of action, we need not address the claimed violation of §41-16-61.
The judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.