Terrance Martin, by and through his mother, Serena Martin, appeals from the summary judgment entered in favor of Goodies Distribution ("Goodies") in this negligence action.
Terrance, age seven, was injured when he was struck by an automobile after purchasing ice cream from Robert King, the driver of a Goodies ice cream truck. Terrance was attempting to cross the street and return home when he was struck by an automobile driven by Sherry Hope Hudson. From a position in front of the ice cream truck, Terrance stepped out into the street in order to look both ways before crossing. He had looked to his right and was struck as he turned to look to his left. Terrance suffered multiple fractures in one leg as a result of the collision.
Terrance sued Hudson and Goodies. In an amended complaint, he alleged that Goodies was liable for his injury because he claimed his injury was caused by negligence on the part of King, who Terrance says was an agent of Goodies. The trial court entered a summary judgment for Goodies and made that summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P.; Terrance appealed. *Page 1177 
 I. Standard of Review
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Bussey v. John Deere Co.,531 So.2d 860 (Ala. 1988). In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact. Betts v.McDonald's Corp., 567 So.2d 1252 (Ala. 1990).
 II. Issues
In order to determine whether the trial court properly entered the summary judgment for Goodies, we must determine (1) whether Terrance presented substantial evidence that King, the driver of the Goodies ice cream truck who sold ice cream to Terrance, was an agent of Goodies; (2) if so, whether Terrance presented sufficient evidence to impose on Goodies a duty to assist Terrance in safely crossing the street; (3) if so, whether Terrance presented substantial evidence that Goodies breached that duty; and (4) if so, then whether the evidence before the court on the summary judgment motion showed that Terrance was contributorily negligent as a matter of law.
 III. Discussion
To meet the burden of proof in a negligence action, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff to be injured. FordMotor Co. v. Burdeshaw, 661 So.2d 236 (Ala. 1995); Martin v.Arnold, 643 So.2d 564 (Ala. 1994).
 A.
Goodies argued to the trial court, and now argues to this Court, that King, the driver of the Goodies truck who sold ice cream to Terrance and who was present when Terrance was struck by the automobile, was not its agent or employee. Goodies insists that King was, instead, an independent contractor. Goodies notes that under Alabama law, a party is ordinarily not liable for the tortious acts of his independent contractor.Joseph Land Co. v. Gresham, 603 So.2d 923 (Ala. 1992);Boroughs v. Joiner, 337 So.2d 340 (Ala. 1976).
In response, Terrance argues that he presented substantial evidence indicating that King was an agent of Goodies, making the issue of agency at least one of triable fact for the jury to decide. He notes that under the doctrine of respondeatsuperior a principal is vicariously liable for the torts of its agent if the tortious acts are committed within the line and scope of the agent's employment. Hudson v. Muller,653 So.2d 942 (Ala. 1995); Shearson Lehman Bros., Inc. v. Crisp,646 So.2d 613 (Ala. 1994).
The test for determining whether a person is an agent or employee of another, rather than an independent contractor with that other person, is whether that other person has reserved the right of control over the means and method by which the person's work will be performed, whether or not the right of control is actually exercised. Alabama Power Co. v. Beam,472 So.2d 619 (Ala. 1985). How the parties characterize the relationship is of no consequence; it is the facts of the relationship that control. Thus, we must determine whether Terrance presented substantial evidence indicating that Goodies had reserved control over the means and method by which King was to sell Goodies ice cream and other snacks.
The record indicates that Terrance specifically referred the trial court to evidence indicating the following facts, which he argued were indications that Goodies had reserved the right of control over King and had thereby created a principal/agent relationship with King:
(1) King drove an ice cream truck he leased from Goodies, but he was required by Goodies to return the truck to the Goodies yard at the end of each work day.
(2) Goodies provided King with specific safety and operations training and with a list of standard safety and operating procedures that it required be followed. *Page 1178 
(3) Goodies gave King specific instructions on how he was to maintain the ice cream truck.
(4) Goodies instructed King on what to do in case of an accident with the truck.
(5) Goodies instructed King on how to park the truck before making ice cream sales.
(6) Goodies required King to assist children under eight years of age in crossing the street.
(7) Goodies required King to "control kids" purchasing ice cream from him.
(8) Goodies assigned King to a specific territory in Birmingham; he was to operate the truck in that territory and sell ice cream there. He was allowed to make sales only in that limited area of the city.
(9) The owner of Goodies personally observed and evaluated the drivers, including King, from his own vehicle while they drove the truck and made sales.
(10) Goodies took in King's receipts at the end of the work day and determined his compensation.
In addition, we note that evidence suggesting the following facts was before the trial court upon Goodies' summary judgment motion:
(1) Goodies leased ice cream trucks to its drivers, including King, for the token amount of $25 per month.
(2) Drivers could be terminated by Goodies for not taking in sufficient daily receipts. King's relationship with Goodies was terminated for that reason.
(3) After receiving safety training, potential drivers had to take and pass a written safety examination before they could begin work. King took and passed such an exam before beginning his relationship with Goodies.
(4) Any ice cream truck that is not returned by its driver to the Goodies yard by 11:00 p.m. is reported as stolen, unless the driver has called in and received permission to keep the truck until a later hour. King could not keep overnight the truck he leased from Goodies, without receiving specific permission to do so.
(5) Drivers such as King could not sell ice cream or any other snacks purchased from a supplier other than Goodies.
(6) The operating agreement Goodies required each of its drivers to sign, including King, contained a noncompetition clause prohibiting the driver from engaging in the business of selling products of the type sold by Goodies within a 50-mile radius of the Goodies office for a period of two years after leaving the relationship with Goodies.
Construing all this evidence together, we conclude that Terrance presented substantial evidence from which a factfinder could find that Goodies had reserved the right to control the means and method by which King and its other drivers sold its products, i.e., that he presented substantial evidence of a principal/agent relationship between Goodies and King. Although the trial court did not specifically state its reasons for entering the summary judgment in favor of Goodies, that court erred if it concluded that, as a matter of law, no principal/agent relationship existed between Goodies and King. The issue whether one is the agent of another is ordinarily a question of fact to be decided by the jury. John R. Cowley Bros., Inc. v. Brown, 569 So.2d 375 (Ala. 1990).
 B.
Terrance argued to the trial court, and now argues to this Court, that Goodies voluntarily assumed a duty to protect its customers under the age of eight from vehicular traffic. Terrance refers this Court to a Goodies document entitled "OPERATING PROCEDURES," which Goodies required its drivers to sign as indicating their agreement to follow the instructions or policies set out in the document. With regard to safety, the document included the following requests of Goodies' drivers: "Cross all kids under 8 years old;" "Teach safety to all kids;" "Be watchful for 'Children Hazards' — toys, running kids, street games, etc.;" "Control kids at your truck . . .;" "Serve older kids first, then smaller ones who have to be crossed." *Page 1179 
Goodies also argued to the trial court, and now argues to this Court, that even if King could be considered its agent, any actions of King that might have been attributable to it do not amount to actionable negligence because, it says, it owed no duty to Terrance to protect him from vehicular traffic. Goodies argues that an ice cream vendor has no duty to warn children of vehicular traffic or to make the zone around the truck safe for congregating children. It also argues that as simply the owner of a parked vehicle, it owed no such duty to the public. Goodies further contends that it did not assume such a duty by virtue of the operating instructions it requested its drivers to follow. Finally, Goodies argues that even if it owed Terrance a duty to protect him from vehicular traffic, it did not breach that duty and did nothing to contribute to Terrance's being struck by an automobile and injured.
Although a party may have no affirmative duty under the law to act in a particular way in relation to another, where a party voluntarily assumes such a duty, it will be charged with performing the duty with reasonable care and may be held liable for injury resulting from a breach of that duty. Parker v.Thyssen Min. Constr., Inc., 428 So.2d 615 (Ala. 1983); Herstonv. Whitesell, 374 So.2d 267 (Ala. 1979). Thus, we must next determine whether, by providing its drivers with a list of operating procedures that included instructions relating to the safety of its child patrons under the age of eight, Goodies voluntarily assumed a legal duty to protect those children from traffic hazards that was not otherwise imposed by Alabama law.[1]
After reviewing the evidence in this case, and considerations of public policy, we hold that Goodies' act of including several safety precautions in the list of operating procedures it requested its drivers to follow did not amount to the voluntary assumption of a legal duty. We find of particular note the fact that there is no evidence that Goodies advertised its safety procedures for child patrons to the public as a means of increasing business or that Terrance, or his mother, was actually relying on Goodies to ensure his safety when he crossed the street to purchase ice cream.[2] Given that Goodies had no duty to assist Terrance in safely crossing the street, Goodies cannot be liable for a breach of such a duty and the trial court correctly entered the summary judgment in its favor.
 IV. Conclusion
We affirm the judgment of the trial court.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, BUTTS, and SEE, JJ., concur.
ALMON, J., concurs in the result.
[1] The Alabama legislature has not passed a statute imposing a duty on ice cream vendors to furnish protection to children when sales are made from vehicles and adjacent to public streets. Likewise, this Court has not recognized that ice cream vendors such as Goodies have a duty to use reasonable care in protecting their child patrons. However, we do note that some other jurisdictions have recognized that the operator of an ice cream vending truck has the common law duty to exercise reasonable care to protect child patrons from the obvious hazards of a public roadway. See Ellis v. Trowen FrozenProducts, Inc., 264 Cal.App.2d 499, 70 Cal.Rptr. 487 (1968);Neal v. Shiels, Inc., 166 Conn. 3, 347 A.2d 102 (1974); Mackeyv. Spradlin, 397 S.W.2d 33 (Ky. 1965); Nicosia v. Good HumorCorp., 17 Mich. App. 568, 170 N.W.2d 164 (1969); Jacobs v.Draper, 274 Minn. 110, 142 N.W.2d 628 (1966); Thomas v. GoodiesIce Cream Co., 13 Ohio App.2d 67, 233 N.E.2d 876 (1968);Bishop v. Hamad, 43 A.D.2d 805, 350 N.Y.S.2d 270 (1973);Hastings v. Smith, 223 Tenn. 142, 443 S.W.2d 436 (1969); Garzav. Perez, 443 S.W.2d 855 (Tex.Civ.App. 1969).
[2] The record indicates that Terrance's mother often allowed him to walk to school and to purchase ice cream without her supervision. She testified that she felt he was capable of performing such tasks safely. *Page 1180