CRAWLEY, Judge,
dissenting.
Although I concurred in the majority opinion on original deliverance, I am compelled, after much reconsideration, to dissent from the order denying the application for rehearing.
As Wild Wild West Social Club, Inc. (“Wild Wild West”), argues, the record is completely devoid of any evidence of agency upon which to submit the agency issue to the jury. The only witnesses at trial were James Graham, the security guard, and Stephen Morrison, the injured patron. Graham testified that he was employed by Metropolitan Patrol Service (“MPS”) and that Albert Dyess, the owner of MPS, paid him and directed the manner of his work, fie further testified that he did not know the manager of the club from which Morrison was ejected. Morrison’s testimony did not .contradict Graham’s, and, in fact, actually supported it. He testified that Dyess, not the manager of the club, had told him that Graham would be fired for punching Morrison. With no evidence from which the jury could find the existence of an agency relationship, the trial court erred by failing to grant a judgment as a matter of law for Wild Wild West on this issue. Because Graham was not proven to be its agent, Wild Wild West cannot be liable for his actions, if they were negligent, because, in most circumstances, one is not liable for the negligent acts of an independent contractor. See Martin v. Goodies Distrib., 695 So.2d 1175, 1177 (Ala.1997).
The other theory of liability presented at trial was the general theory of negligence. Wild Wild West posits that this case is akin to the “criminal-acts-of-third party” premises liability cases, and argues that the injury to Morrison was not foreseeable and therefore that it cannot be liable to him. See Carroll v. Shoney’s Inc., 775, So.2d 753, 756 (Ala.2000). One of Morrison’s arguments to the trial court in preparation for submitting the case to the jury *1234 was that Wild Wild West was negligent because its actions in ejecting Morrison placed him in a situation where the security guards were likely to perceive him as a troublemaker and then act on that perception. Thus, he concluded, Wild Wild West was liable for his injuries because of its negligence in ejecting him. I do not agree that liability can be predicated on either theory.
In regard to the application of the premises-liability theory, Wild Wild West states, in its application for rehearing, that this court has “turnfed] foreseeability on its head.” I tend to agree, after examining the law on the issue of premises liability. A premises owner is not an insurer of his patron’s safety, see, generally, Lowe’s Home Centers, Inc. v. Laxson, 655 So.2d 943, 946 (Ala.1994), and our supreme court has held that the decision to employ security personnel is not sufficient to give rise to the inference that a premises owner foresaw the possibility of criminal activity. See Moye v. A. G. Gaston Motels, Inc., 499 So.2d 1368, 1373 (Ala.1986). Morrison presented no evidence of any criminal activity on the premises of Wild Wild West and presented no evidence of a tendency on the part of any security guard to use excessive force when dealing with patrons. See Moye, 499 So.2d at 1372-73. Without such evidence, Morrison failed to prove that the attack on him was foreseeable.
In regard to Morrison’s theory that Wild Wild West’s liability is premised on its decision to eject him from the premises of the nightclub in such a manner as to indicate that he was a troublemaker, thus resulting in some animosity being directed at him by the security guards, I must also disagree. Morrison testified that he did not claim any injury resulted from his ejection by the bouncer at Plum Crazy. That said, he still maintains that the ejection is the cause of his injury, because “but for” the ejection he would not have been in the parking lot with security guards who perceived him as a troublemaker. The issue, even under this tortured theory of liability, is still foreseeability.
The supreme court has spoken on the issue of whether the presence of security personnel raises an inference of foreseeability of harm: it does not. See Moye, 499 So.2d at 1373. As discussed above, Morrison presented no evidence of similar incidents involving security guards in the parking lot. Thus, Wild Wild West’s decision to use security guards does not raise an inference that it knew altercations were likely to occur on its premises, and there is no evidence to indicate the security guards had ever used excessive force against an ejected patron. Wild Wild West’s decision to eject Morrison from the premises, without knowledge that injury to Morrison was a probable result, see Carroll, 775 So.2d at 755-56, cannot subject it to liability.
Morrison’s injury was unfortunate. Indeed, it appears that Graham either used excessive force in attempting to subdue Morrison or that he committed an unprovoked, intentional tort. Either way, however, Wild Wild West is not responsible for Morrison’s injury. The trial court should have granted Wild Wild West’s motion for a JML; I would reverse the judgment that resulted from the denial of that motion.