**ALLSTATE INSURANCE COMPANY,**
**as Subrogee of Russell Davis,**
**Plaintiff,**

v.

**HUGH COLE BUILDER, INC.; Hugh**
**Cole Individually and d/b/a Hugh**
**Cole Builder, Inc., Defendants.**

No. Civ.A. 98–A–1432–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 26, 2001.

Sterling Culpepper, Montgomery, AL, Mark Grotefeld, Chicago, IL, for Plaintiffs.

Michael Jackson, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This matter comes before the court on a Motion for Summary Judgment (doc. # 51) filed by Plaintiff Allstate Insurance Co. ("Allstate") on December 7, 2000. Allstate asserts that the court should grant it summary judgment on its negligence claim against Defendants Hugh Cole Builder, Inc. ("HCB") and Hugh Cole ("Cole" or collectively, "Defendants"). The court has jurisdiction based on diversity of citizenship. For the reasons to be discussed, Plaintiff's Motion for Summary Judgment is due to be DENIED.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the nonmovant:

This action arises out of a December 22, 1996, fire which caused extensive damage to the home of Russell Davis ("Davis"). In 1996, Davis entered into an oral agreement with Cole, the owner of HCB, to have HCB consult with Davis in the construction of Davis's home. During the construction of the Davis home, HCB dealt directly with some subcontractors, purchased some materials, and consulted with Davis on all aspects of the construction. HCB also secured a building permit for the Davis home. Davis also actively participated in the selection of certain subcontractors and purchase of certain materials. For its services, Davis paid HCB a flat fee.

In constructing the house, Davis requested the installation of an Ikosern gas fireplace. Jenkins Brick Company installed the Ikosern fireplace into the home. James Coston d/b/a Coston Plumbing Heating and Air Conditioning ("Coston") installed a gas fire starter in the fireplace.

The Davis family moved into the home in early December of 1996. On December 22, 1996, a fire occurred in the home. Pursuant to an insurance policy with Allstate, Davis made a claim seeking indemnification and reimbursement for damages resulting from the fire. Allstate hired an investigator who determined that the fire originated inside the fireplace frame enclosure. He further determined that the conduction of heat through the pipe serving the gas fire starter to wood framing members approximately one foot to the right side of the fire box caused the fire. Subsequently, Allstate paid Davis $718,107.48 for fire-related damage.

On December 21, 1998, Allstate, as subrogee of Russell Davis, filed suit in this court against HCB and Cole, alleging negligence, breach of the implied warranty of habitability, and breach of contract. Allstate seeks to recover the amount paid to or on behalf of the Davis family for reconstruction of the home, replacement of the contents, and living expenses incurred by the Davis family during the reconstruction.

## IV. *DISCUSSION*

Allstate seeks summary judgment on its negligence claim against Defendants. To establish a claim of negligence, a plaintiff must establish that the defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach proximately caused plaintiff to be injured. *Martin v. Goodies Distribution,* 695 So.2d 1175, 1177 (1997). Allstate asserts that because HCB was the general contractor in building the Davis home, HCB owed

Davis a duty to exercise reasonable care in construction of the Davis home, to provide proper instruction to subcontractors as to the appropriate methods of installing materials, and to inspect the subcontractor's work on the job site to insure that it had been performed in a safe and workmanlike fashion. Allstate alleges that HCB breached each of these aforementioned duties. Allstate also asserts that HCB is liable for the negligence of Coston based upon two exceptions to the general rule that general contractors are not liable for the acts of an independent subcontractor.

Defendants counter by arguing that there exists a genuine issue of material fact as to whether HCB was a general contractor. If HCB was not a general contractor, Davis's argument that HCB violated the duties owed by a general contractor would fail. Alternatively, HCB asserts that a jury question exists as to whether Coston improperly installed the gas fire starter, whether HCB was negligent with respect to the instructions, and whether installing a gas fireplace is inherently dangerous. The court will first address the threshold issue of whether HCB acted as a general contractor in the construction of the Davis home.

### A. General Contractor

Defendants assert that a genuine issue of material fact exists as to whether HCB engaged in the business of general contracting with respect to the services it provided to Davis. If HCB did not act as a general contractor, Allstate's theory that HCB violated the duties owed by a general contractor fails as a matter of law.

Alabama Code section 34–8–1 defines a general contractor as "one who, for a fixed price, commission, fee or wage undertakes to construct or superintend or engage in the construction ... of any building, ... structure, ... or project."[1]

1. The court recognizes that this code section defines a general contractor for the purposes of a statutory licensing scheme. The court, however, finds the discussion by Alabama courts in determining whether a person has engaged in the business of general contract-

In determining whether a person has engaged in the type of work covered by this definition, Alabama courts have looked at many factors, such as, the intent of the parties, the amount of control by the person, and the type of work performed by the person. *Herbert v. Birmingham–Jefferson Civic Ctr. Auth.*, 694 F.2d 240, 242 (11th Cir.1982) (holding that a genuine issue of material fact existed as to whether a person engaged in general contracting where the parties referred to the person as a consultant and the type of work performed by the person may not have constituted general contracting); *Dixie Store Fixtures & Sales Co. v. Supreme Fixture Co.*, 376 So.2d 703, 705 (1979) (holding that a company that contracted to supply and install kitchen equipment in a new hospital did not engage in general contracting); *Central Alabama Home Health Servs., Inc. v. Eubank*, — So.2d ——, 2000 WL 1603828, at *3 (Ala.Civ.App. Oct. 27, 2000) (denying a plaintiff's motion for judgment as a matter of law on whether a person engaged in general contracting where the plaintiff hired the person as a consultant, the person did not have personal responsibility for ensuring the completion of the work, and the person was subject to the ultimate control of the plaintiff).

As to the intent of the parties, Defendants assert that the agreement between HCB and Davis differed from HCB's general practice of acting as a general contractor in constructing a home for a buyer.[2] Defendants allege that HCB deviated from its normal business practice because Davis, as executive director of the Alabama Home Builders Association, was in a position to deal directly with contractors. (Cole Aff. at ¶ 4). Davis allegedly did not want a contract with HCB to construct a "turn key" home, wherein HCB would hire all subcontractors, purchase all materials,

and construct the home. (Cole Aff. at ¶ 4). Accordingly, Defendants assert that HCB entered into a verbal contract with Davis to provide construction consulting services for a flat fee. (Cole Aff. at ¶ 4; Defs. Ans. Interrogs. at ¶ 4). Allstate does not present any evidence as to Davis's view of the verbal agreement.

As to control over the construction of the home, Defendants assert that HCB did not have complete control over the project. Davis actively participated in selecting subcontractors and purchasing materials, (Cole Aff. at ¶ 6), and dealt directly with some of the subcontractors. (Defs. Ans. Interrogs. at ¶ 7). Allstate does correctly point out that HCB hired some subcontractors. Defendants, however, assert that before HCB hired any subcontractor, HCB went to · Davis to get his agreement. (Defs. Ans. Interrogs. at ¶ 7). For instance, Cole discussed with Davis whether or not to use Coston for installing the plumbing and gas lines to the home. (Cole Aff. at ¶ 10). Davis agreed to use Coston, and consequently, HCB retained Coston to work on the house. (Cole Aff. at ¶ 10). Whenever HCB purchased materials or paid a subcontractor for work, HCB would submit an invoice for reimbursement to Davis without any markup or profit included. (Cole Aff. at ¶ 4).

These facts are analogous to *Central Alabama Home Health Services, Inc. v. Eubank* where an Alabama state court rejected a plaintiff's motion for judgment as a matter of law because a defendant produced sufficient evidence to create a jury question as to whether the defendant was a general contractor. 2000 WL 1603828 at *1. In *Eubank*, the plaintiff, CAHHS, hired the defendant, Eubank, as a property manager and did not hire him as a general contractor. *Id.* at * 2; *see also*

---

ing for licensing purposes provides guidance to determine whether a person has engaged in the business of general contracting in the context of a negligence suit. This guidance is particularly important because the court has not found, nor have the parties cited, any

Alabama case that defines a general contractor outside the statutory licensing scheme.

**2.** HCB has a general contractor license from the state of Alabama.

*Herbert,* 694 F.2d at 242 & n. 2 (holding that a genuine issue of material fact existed as to whether a defendant engaged in the business of general contracting where, *inter alia,* the parties described the defendant as a consultant, advisor, designer, and contract coordinator). As a property manager Eubank worked as a coordinator between CAHHS and the architect, engineers, and contractors and did all the legwork and coordination to put together construction projects. *Id.* In addition, Eubank was not responsible for ensuring the completion of the projects he coordinated and did not have ultimate control of any project. *Id.* at *3. Instead, CAHHS retained ultimate control of the projects and actually used that power. *Id.; see also Sobel v. Jones,* 96 Ariz. 297, 394 P.2d 415, 416–17 (1964) (holding that a person was not engaged in general contracting where ultimate control of the construction projects remained with the owner of the premises), *cited with approval in Eubank,* 2000 WL 1603828 at *3.

Similarly, Defendants have produced evidence to show that the parties hired HCB as a consultant and not as a general contractor, and that HCB did not have ultimate control over the project. Instead, Davis had ultimate control over the project and used that power. Therefore, Defendants have produced sufficient evidence to create a jury question as to whether HCB acted as a general contractor.

Because Defendants have produced sufficient evidence to create a jury question as to whether HCB acted as a general contractor, the court need not address whether HCB violated a duty owed by a general contractor or whether HCB could be held liable for the acts of an independent contractor.[3] Thus, Plaintiff's Motion for Summary Judgment is due to be DENIED.

---

**3.** In Plaintiff's Motion of Summary Judgment, Allstate does not assert that summary judgment should be granted on the theory that HCB violated a duty that a construction con-

## V. *CONCLUSION*

The court finds that a genuine issue of material fact exists as to whether HCB acted as a general contractor in the construction of the Davis home. Consequently, a genuine issue of material exists as to whether HCB owed Davis a duty. Therefore, Plaintiff's Motion for Summary Judgment is due to be DENIED. Accordingly it is ORDERED that,

1. The Motion for Summary Judgment filed by Plaintiff Allstate Insurance Company (doc. # 51) is DENIED.

sultant owes to its employer. Therefore, the court will not address in this order whether or not HCB, as a consultant, violated any duty it owed to Davis.