LYONS, Justice
(concurring in the result).
I concur in the. result reached in that portion of the majority, opinion concluding that the trial court properly entered the summary judgment because Stanley had failed to submit proof that he had entered into an oral agreement with Robinson for the release of the mortgage. I do so only because Stanley did not challenge the entry of the summary judgment on that basis on appeal.
I also concur in the result reached in that portion of the majority opinion reversing the summary judgment on the basis Robinson either failed to comply with the notice requirement of § 6-8-69, Ala.Code 1975, or misrepresented to Stanley the date the foreclosure sale was to be held.
The only mortgage-foreclosure notice that appears in the record states that the foreclosure sale was scheduled for October 19, 1998. That notice was published on September 30, October 7, and October 14. Also in the record, - however, is a letter dated August 31, 1998, from the attorney who handled the foreclosure for Robinson, informing Stanley that unless he paid the note secured by the mortgage by September 10, a mortgage-foreclosure notice would be published in “the Mobile paper” stating that a foreclosure sale would be scheduled for September 28. The record does not contain any published mortgage-foreclosure notice stating a sale date of September 28. For all that appears, no notice advertising a September 28 sale date was ever published.. There is no evidence of record that a sale was originally scheduled for September 28 and then postponed. If there was no postponement, then the provisions of § 6-8-69 concerning republication of a previously advertised and postponed sale do not apply.
Stanley’s mortgage provided that if he failed to pay the note secured by the mortgage when it was due, Robinson was authorized to conduct a foreclosure sale, “first having given notice thereof as required by law.” The mortgage-foreclosure notice, bearing a sale date of October 19 and published on September 30, October 7, and October 14, appears to satisfy that requirement. However, that notice is at odds with the attorney’s August 31 letter stating that the sale would be conducted on September 28. While Stanley has not directed our attention to any basis upon which he was entitled to personal notice, the attorney acting for Robinson notified Stanley of a date on which the foreclosure sale would take place. Assuming that Robinson undertook a duty not otherwise imposed on him, once assumed, he had the duty to discharge it fully and correctly. Martin v. Goodies Distribution, 695 So.2d 1175 (Ala.1997). Whether Stanley was properly notified of the foreclosure sale is disputed, and I therefore agree that the summary judgment is due to be reversed and that Stanley should be allowed to amend his complaint. I note that Stanley’s argument in this regard is somewhat oblique, at best, but we were not favored with any assistance from a reply brief from Robinson.
Finally, I concur in the result reached in that portion of the majority opinion concluding that the trial court properly en *411 tered the summary judgment even though the mortgage-foreclosure notice was published for only three weeks. I agree with Justice Woodall that under § 85-10-13, Ala.Code 1975, publication for three weeks is sufficient.
JOHNSTONE, Justice
(concurring in the rationale in part and concurring in the judgment).
I concur, except that I express no opinion on the issue of the necessary number of weeks of published notice, as that issue is pretermitted by our holding that the factual issue about the date of the foreclosure sale precluded the proper entry of summary judgment.